26 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jose Luis REYES-MONTOYA, Defendant-Appellant.
 No. 91-50772.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 6, 1994.
Decided May 25, 1994.
 
 1
 Before: BROWNING, and FLETCHER, Circuit Judges, and FITZGERALD, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 The district court did not err in calculating Reyes' offense level based on the 300 kilograms Garcia initially agreed to purchase rather than the 49.7785 kilograms actually delivered. "[T]he offense level for a conspiracy is determined by the amount that a defendant conspired to sell and not by the amount ultimately sold," U.S. v. Alvarez-Cardenas, 902 F.2d 734, 736 (9th Cir.1990). Under U.S.S.G. Sec. 1B1.3, comment. (n. 1) (1990), an individual conspirator's sentence must be set "on the basis of the quantity of drugs which he reasonably foresaw or which fell within 'the scope' of his particular agreement with the conspirators." U.S. v. Petty, 982 F.2d 1374, 1376 (9th Cir.1993).
 
 
 4
 The district court found Reyes was a knowing participant in the conspiracy to distribute the entire 300 kilograms. This finding is sufficiently supported by evidence that 1) Reyes was present when Avendano negotiated the purchase of the 300 kilograms with Garcia, promised Garcia he could deliver the entire amount and offered to supply Garcia with heroin and cocaine on a weekly basis; 2) Reyes drove the car carrying Avendano and the 50 kilograms of cocaine to the purchase site on April 17 and was present when Avendano told Garcia the purchase of the remaining 250 kilograms could be completed later that day; and 3) the one-kilogram package of cocaine seized from Reyes' and Avendano's residence was found in Reyes' bedroom. See U.S. v. Arias-Villanueva, 998 F.2d 1491, 1510-11 (9th Cir.1993) (defendant liable for entire amount of heroin sold during conspiracy to distribute in Oregon, Washington and Texas even though he participated in the distribution only in Oregon and Washington because his activities connected him to the overall conspiracy and he "had knowledge of" the operation's activities in Texas); U.S. v. Egbuniwe, 969 F.2d 757, 764 (9th Cir.1992) (defendant liable for 1000 grams of heroin smuggled into the United States for distribution even though he personally possessed only 433.8 grams because he 1) was present during coconspirators' discussion of plans to distribute the entire amount and 2) participated in the conspiracy by relaying messages to individual smugglers on behalf of the leader of the operation).
 
 
 5
 The district court's findings dispose of Reyes' contention that the court "believed that the scope of Reyes' particular agreement was irrelevant." The district court's statement that "he doesn't have to know what the amounts were" is consistent with the Guidelines' rule that the defendant is liable for all reasonably foreseeable quantities distributed in furtherance of an overall conspiracy as long as the defendant is a knowing participant in that conspiracy.
 
 
 6
 Finally, we reject Reyes' contention that the district court's findings were not sufficiently specific. The following dialogue occurred at the sentencing hearing:
 
 
 7
 THE COURT: [A]nd I would tend to think that they were conspiring for the 300 kilos. I think that is more than a reasonable inference. That's my view.
 
 
 8
 ....
 
 
 9
 THE COURT: But, the defendants here ... knew, based upon what the confidential informant said, that they were undertaking a mission, which could lead to the delivery of up to 300 kilos; isn't that right?
 
 
 10
 PROSECTOR: Yes, your Honor.
 
 
 11
 THE COURT: I so conclude.
 
 
 12
 These findings are sufficient. Alvarez-Cardenas, 902 F.2d at 736 (district court adequately explained its reasoning by saying it based quantity determination on "the conspiracy charged").
 
 
 13
 AFFIRMED.
 
 
 
 *
 Honorable James M. Fitzgerald, Senior Judge, United States District Court for the District of Alaska, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3. The parties are familiar with the facts and issues, and we will not repeat them